IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD D. CARTER,

    Plaintiff,　　　　　　　　　　No. CIV S-10-1238 JAM DAD PS

    v.

BANK OF AMERICA, INC., et al.,　　　ORDER AND FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

        This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Plaintiff however has submitted an incomplete in forma pauperis application. Specifically, plaintiff indicated in his in forma pauperis application that he is not currently employed. Plaintiff has not, however, provide the requested information regarding his last employment. Plaintiff also indicated in his application that he received disability or workers compensation payments within the past twelve months, but did not state the amount received or how much he expected to continue to receive. Plaintiff's in forma pauper application will therefore be denied without prejudice to filing a completed in forma pauperis application.

        Moreover, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the plaintiff's allegations of poverty is untrue or if the action is

1

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, --- U.S.---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting

Twombly, 550 U.S. at 555, 557.  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.  A complaint must also contain "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(1) & 8(a)(3).

      Here, plaintiff's complaint is deficient in several respects.  First, plaintiff's complaint does not contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the plaintiff is entitled to relief, or a demand for judgment for the relief plaintiff seeks.

      Second, in his complaint plaintiff alleges that Bank of America allowed Stephanie J. Carter to borrow $53,000 against the estate of plaintiff's father while concealing the loan from the heirs of the estate in violation of Regulation Z of the Truth In Lending Act.  (Compl. (Doc. No. 1.) at 1.)  The Truth in Lending Act ("TILA") is a consumer protection statute that aims to "avoid the uninformed use of credit."  15 U.S.C. § 1601(a).  TILA "has the broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers."  Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 559 (1980) (quoting 15 U.S.C. § 1601).  Plaintiff does not allege that he was a party to the loan between Bank of America and Stephanie Carter.  In this regard, plaintiff doe not appear to be a consumer of credit or a borrower protected under TILA in connection with the alleged transaction.  TILA confers a statutory "'right of action only on a borrower in a suit against the borrower's creditor.'"  Hernandez v. HomEq Servicing, No. 1:10cv01484 OWW DLB, 2010 WL 5059673, *3 (E.D. Cal. Dec. 6, 2010) (quoting Talley v. Deutsche Bank Trust Co., Civil No. 07-4984 (RBK), 2008 WL 4606302, *2 (D. N.J. Oct. 15, 2008)).  See also Davidson v. Countrywide Home Loans, Inc., No. 09-CV-2694-IEG (JMA), 2011 WL 1157569, *5 (S.D. Cal. Mar. 29, 2011) ("KAP was not the borrower, and therefore has no standing to assert a TILA claim."); Wilson v. JPMorgan Chase Bank, NA., No. CIV. 2:09-863 WBS GGH, 2010 WL 2574032, *6 (E.D. Cal. June 25, 2010) (holding that plaintiff had no standing to request rescission or damages under TILA on loan

between her deceased husband and defendant because she was "not a party to the loan contract and therefore is not an 'obligor' or 'consumer' with the right to rescind under TILA."); Johnson v. First Fed. Bank of Cal., Nos. C 08-01796 PVT, C 08-00264 PVT, 2008 WL 270509, *4 (N.D. Cal. July 8, 2008) (holding that a party who was not listed as a borrower on the loan was not a "consumer" under TILA and therefore had no standing to bring a TILA claim.)[1]

        Third, in his complaint plaintiff also alleges that the loan Stephanie Carter obtained against plaintiff's father's estate is "causing that estate to be encumbered in a probate matter[.]" (Compl. (Doc. No. 1) at 2.)  The United States Supreme Court has recognized a probate exception to otherwise proper federal jurisdiction. See Markham v. Allen, 326 U.S. 490, 494 (1946); accord Marshall v. Marshall, 547 U.S. 293, 308 (2006). The probate exception proscribes a federal court from "'disturb[ing] or affect[ing] the possession of property in the custody of a state court.'" Marshall, 547 U.S. at 311 (modification in original) (quoting Markham, 326 U.S. at 494).  In Marshall, the Supreme Court specifically defined the scope of this limited exception to jurisdiction, holding that "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." Id. at 311-12. See also Thomas v. Artists Rights Enforcement Corp. ( In re Kendricks), 572 F. Supp.2d 1194, 1198 (C.D. Cal. 2008) ("Causes of action 'merely related' to probate matters are not within the probate exception."). Thus, a federal district court may not exercise jurisdiction to: (1) probate or annul a will, (2) administer a

/////

---

[1] Moreover, the only reference made by plaintiff in his complaint to a specific date is his allegation that on March 13, 2008, a court set aside the deed Stephanie Carter obtained in connection with the allegedly fraudulent loan. (Compl. (Doc. No. 1) at 2-3.) Plaintiff is advised that the statute of limitations for a TILA damages claim is one year from the occurrence of the violation. 15 U.S.C. § 1640(e). The complaint pending before the court in this action was not filed until May 20, 2010.

4

decedent's estate, or (3) dispose of property that is in the custody of a state probate court. See Three Keys Ltd. v. SR Utility Holding Co., 540 F.3d 220, 227 (3d Cir. 2008).

Finally, plaintiff makes repeated conclusory allegations of fraud throughout his complaint without providing factual support for those allegations. (Compl. (Doc. No. 1) at 1-3.) Where a plaintiff has raised claims of fraud, "the circumstances constituting fraud ... shall be stated with particularity." Fed. R. Civ. P. 9(b). "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" Bly–Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)). Pursuant to Rule 9(b), a plaintiff alleging fraud at a minimum must plead evidentiary facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading. In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).[2] Here, plaintiff has failed to plead the minimum evidentiary facts required under Rule 9(b).

The undersigned notes that in a September 22, 2010 letter to the court, plaintiff stated that he "filed a case with the Superior Court but lost" and thereafter "filed an appeal to the Third Appellate District Court of Appeal." (Doc. No. 3.) While the precise claims presented and resolution of plaintiff's state court case are unclear, plaintiff is advised that under the Rooker-Feldman doctrine, federal district courts lack jurisdiction to review alleged errors in state court

---

[2] Likewise, "[u]nder California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" Vess, 317 F.3d at 1105 (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).

1  decisions.  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) (holding
2  that review of state court determinations can be obtained only in the United States Supreme
3  Court).  The doctrine applies to "cases of the kind from which the doctrine acquired its name:
4  cases brought by state-court losers complaining of injuries caused by state-court judgments
5  rendered before the district court proceedings commenced and inviting district court review and
6  rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280,
7  284 (2005).  "The purpose of the doctrine is to protect state judgments from collateral federal
8  attack." Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001).
9  Pursuant to this doctrine, a federal district court is prohibited from exercising subject matter
10 jurisdiction over a suit that is "a de facto appeal" from a state court judgment. Kougasian v.
11 TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).  A federal district court may not examine
12 claims that are inextricably intertwined with state court decisions, "even where the party does not
13 directly challenge the merits of the state court's decision but rather brings an indirect challenge
14 based on constitutional principles." Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n.4 (9th Cir.
15 2003).  See also Ignacio v. Judges of U.S. Court of Appeals, 453 F.3d 1160, 1165-66 (9th Cir.
16 2006) (affirming district court's dismissal of the case "because the complaint is nothing more
17 than another attack on the California superior court's determination in [plaintiff's] domestic
18 case").

19         For all of the reasons set forth above, plaintiff's complaint fails to satisfy the
20 minimum requirements for a civil complaint in federal court and does not state a cognizable
21 claim.  Accordingly, plaintiff's complaint will be dismissed for failure to state a claim.

22         The undersigned has carefully considered whether plaintiff may amend his
23 complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to
24 amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg.
25 Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake
26 Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the obvious deficiencies of plaintiff's complaint noted above, the court finds that it would be futile to grant plaintiff leave to amend.

Accordingly, IT IS HEREBY ORDERED that plaintiff's May 20, 2010 application to proceed in forma pauperis (Doc. No. 2) is denied without prejudice.

IT IS RECOMMENDED that:

1. Plaintiff's May 20, 2010 complaint (Doc. No. 1) be dismissed without leave to amend; and

2. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 19, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.prose\carter1238.ifp.f&rs